Case 5:22-cv-00047   Document 13   Filed on 09/23/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MANWANI'S EXCHANGE, INC., §<br>Plaintiff, §<br>§<br>VS. §<br>§<br>§<br>§<br>TRAVELERS PROPERTY CASUALTY §<br>COMPANY OF AMERICA, §<br>Defendant. § | 5:22-CV-00047 |

### REPORT & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). Before the Court is Defendant's Opposed Motion to Preclude Attorney's Fees. (Dkt. No. 3). This is a first-party insurance claim arising out of storm damage in April 2020 to a property in Laredo, Texas. (*See* 8/16/22 Initial Pretrial and Scheduling Conference at 10:47–10:49; Dkt. No. 1-1 paras. 7–8; Dkt. No. 3 para. 2). Defendant Travelers Property sold the policy insuring the property to Plaintiff Manwani's Exchange. (Dkt. No. 1-1 para. 6–7; Dkt. No. 3 para. 2). After Plaintiff filed a claim with Defendant for damages to the property, and Defendant denied Plaintiff's claim, Plaintiff sued Defendant for breach of contract, among other claims. (Dkt. No. 1-1 paras. 11–35). Plaintiff sought damages, including attorney's fees (*Id.* at paras. 14–15, 21, 30). Defendant Travelers Property opposed Plaintiff Manwani Exchange's request for attorney's fees, based on Plaintiff's lack of timely pre-suit notice as to the specific amount alleged to be owed by insurer Defendant on this claim. (Dkt. No. 3). Because Defendant's motion is consistent with Texas Insurance Code § 542A.007(d), because Plaintiff has not opposed the motion, and because Plaintiff has neither asserted nor proven that giving notice as required by

the Code is impracticable, the Court now **RECOMMENDS** that the District Court, after an independent and *de novo* review of the record **GRANT** Defendant's Opposed Motion to Preclude Attorney's Fees. (Dkt. No. 3).

Texas Insurance Code § 542A.007(d) states that, if an insured plaintiff asserts a first-party claim for storm damage against its property insurer and the defendant insurer "pleads and proves" that it "was entitled to but was not given a pre-suit notice stating the specific amount alleged to be owed . . . under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the [plaintiff]," the court cannot award the plaintiff any attorney's fees "incurred after the date the defendant files the pleading with the court." (*See Decuir v. Allstate Tex. Lloyds*, No. 1:21-CV-00587-MAC-ZJH, 2022 U.S. Dist. LEXIS 76252, at *6–7 (E.D. Tex. 2022) (granting Defendant's motion to limit attorney's fees, barring Plaintiff from recovering any attorney's fees past December 8, 2021, because Plaintiff failed to provide adequate pre-suit notice)). Under this section of the Code, a defendant must file such a pleading no later than 30 days after the date the defendant files an original answer in the court where the action is pending. (Tex. Ins. Code § 542A.007(d)).

Initially, Defendant asserts that Plaintiff did not provide timely pre-suit notice stating the specific amount alleged to be owed by the insurer to Defendant at least 61 days before filing the action. (Dkt. No. 3 paras. 3–6, 10). Defendant indicates that instead, Plaintiff sent a pre-suit Notice Letter to Travelers on March 24, 2022, approximately one month prior to filing suit in Webb County, Texas, on April 25, 2022. (*See* Dkt. No. 3 paras. 3–4). Defendant offers Plaintiff's March 24, 2022, pre-suit Notice Letter in support, providing evidence that Plaintiff provided pre-suit notice of a specific alleged amount less than the 61-day minimum for pre-suit notice required by the Code. (*See* Dkt. No. 3-1, Defendant's Exh. A). In Plaintiff's Letter, Plaintiff demanded "$200,840.02 . . . minus applicable deductible, attorney's fees, and expense[s]" and indicated that

at that time, Plaintiff's counsel's firm has "incurred $2,000 in reasonable and necessary attorney's fees[,]" (Dkt. No. 3-1 paras. 6, 10 (emphases removed)), but because Plaintiff's Letter was sent less than 61 days prior to filing its action, Defendant asserts that Plaintiff failed to allege that conforming pre-suit notice was provided. (Dkt. No. 3 paras. 5–6). Plaintiff does not appear to rebut this assertion (see below). Consistent with the timely pleading requirement in § 542A.007(d), Defendant moved to preclude attorney's fees on June 1, 2022, (*see* Dkt. No. 3), within 30 days after filing Defendant's Original Answer on May 10, 2022, and within 30 days of removing to this federal Court on May 26, 2022. (*See* Dkt. Nos. 1; 1-1).

Next, Plaintiff has not filed a response to Defendant's motion. (*See* Dkt. Nos. 1–12 [showing a lack of Plaintiff's response to Defendant's motion]). Under the Southern District of Texas local rules, "[f]ailure to respond to a motion will be taken as a representation of no opposition." (LR 7.4). During the August 16, 2022, Initial Pretrial and Scheduling Conference, the Court asked the parties about Defendant's motion, and noted that Plaintiff's counsel had not filed a response brief. (8/16/22 Initial Pretrial and Scheduling Conference at 10:54–10:55 a.m.). The Court noted the Local Rule 7.4 regarding lack of opposition to motions and notified Plaintiff's counsel that she would have to ask for leave of Court to respond out of time. (*Id.* at 10:55–10:57; *see* LR 7.4). To date, Plaintiff's counsel has not moved for leave of Court to respond out of time.

Finally, Plaintiff has not asserted or shown that giving notice is impracticable. Texas Insurance Code § 542A.003(a) exempts a plaintiff seeking damages against an insurer from the 61-day notice requirement if "giving notice is impracticable" because either "the claimant has a reasonable basis for believing there is insufficient time to give the pre[-]suit notice before the limitations period will expire . . ." or "the action is asserted as a counterclaim." (*See Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 537–38 (S.D. Tex. 2021)

(declining to award Plaintiff attorney's fees "incurred after January 14, 2021, the date on which Defendant filed its pleading asserting that it was entitled to but was not given pre-suit notice . . ." because Plaintiff failed to demonstrate that providing notice was impracticable)).  Here, Defendant claims that because "limitations had not yet run by the date the Plaintiff filed suit against Travelers," there is "no reason" that Plaintiff could not have provided conforming pre-suit notice and that "the facts do not support" a claim of impracticability. (Dkt. No. 3 paras. 8–9).  Indeed, Plaintiff has put forth no evidence to demonstrate that providing notice was impracticable nor argued that the exception applies.

Therefore, the Court respectfully **RECOMMENDS** that the District Court **GRANT** Defendant's Opposed Motion to Preclude Attorney's Fees. (Dkt. No. 3).

SIGNED this September 22, 2022.

Diana Song Quiroga
United States Magistrate Judge

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties.  Any party who objects to any part of this report and recommendation must file specific written objections **within 14 days after being served with a copy**.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection

is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).